UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HERMAN LUTE WOODS, II, *Estate*,

                          Plaintiff,

               v.                                   5:25-CV-1290
                                                         (AJB/DJS)

DEWITT TOWN COURT, *et al.*,

                          Defendants.
_____

**APPEARANCES:**

HERMAN LUTE WOODS, II
Plaintiff, *Pro Se*
Syracuse, New York 13206

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has forwarded for review a civil Complaint filed by Plaintiff. The filing fee in this action has not been paid, but Plaintiff has filed a motion to proceed *in forma pauperis*. Dkt. No. 2. That Motion has been granted. The matter has been referred to the undersigned for an initial review pursuant to L.R. 72.3.

### I. GOVERNING LEGAL STANDARD

      28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that

– . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[1]

In reviewing a *pro se* complaint, the court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (*per curiam*), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556).

Although a court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

---

[1] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

*Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)). Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). Thus, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (internal quotation marks and alterations omitted).

## II. FACTUAL ALLEGATIONS

The precise nature of the factual allegations asserted in the Complaint are unclear. The Complaint alleges that on an unspecified date, Herman-Lute Woods, II and another individual were in an automobile when "four to six troopers" "unlawfully engaged in detainer, search, and trespass" and "used excessive force." Compl. at p. 3. These actions are alleged to have been taken with "no verified jurisdiction" and "without lawful authority or probable cause" against "two private, peaceful living individuals traveling lawfully." *Id.* At some point, Defendants Curtis and John's Auto Body Service are alleged to have unlawfully taken possession of Plaintiff's automobile. *Id.* It is further alleged that actions have been taken to suspend Mr. Woods' driver's license. *Id.*

### III. DISCUSSION

### A. Representational Issue

At the outset, the Court addresses a potential issue regarding representation. The nominal Plaintiff here is an estate.[2] It is well-settled that a person who has not been admitted to practice law may not represent anyone other than himself. *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007). The Second Circuit addressed this issue with respect to estates in *Guest v. Hansen*, and found that "the administrator and sole beneficiary of an estate with no creditors may appear *pro se* on behalf of the estate." 603 F.3d 15, 21 (2d Cir. 2010). However, in a case where an estate has "other beneficiaries and potential creditors," representation by an individual not admitted to practice law is not proper. *Clark v. Santander Bank, N.A.*, 122 F.4th 56, 60 (2d Cir. 2024). While the Complaint does not make clear that a valid legal estate exists, assuming one does, it seems clear that there is at least a question of fact about whether such estate has any creditors. *See, e.g.*, Dkt. No. 1-7. For the reasons set forth below, the Court recommends that the Complaint be dismissed with leave to amend. Any such amendment should clarify the identity of the Plaintiff and, if Mr. Woods intends to proceed *pro se,* establish his basis for doing so.

---

[2] It is unclear whether an estate in fact exists and whether it should be the Plaintiff in light of the factual allegations which do not seem to relate to any issues involving an estate.

## B. Title VII

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . . ;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). A complaint that fails to comply with basic pleading requirements presents too heavy a burden for defendants to craft a defense "and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

As noted above, Rule 8 requires the pleading to clearly identify facts underlying the claims asserted. Here, the Complaint is drafted on a form complaint for actions brought under Title VII of the Civil Rights Act. *See generally* Compl. It asserts a claim for employment discrimination, *id.* at p. 2, but does not at any point identify any of the named Defendants as Mr. Woods' employer, nor do the more specific factual allegations

set forth in the Complaint or any of the attached documents. *Id.* at pp. 3-4; Dkt. Nos. 1-1-1-8. Plaintiff, therefore, has failed to clearly allege a claim for employment discrimination. Any claim under Title VII, therefore, should be dismissed.

### C. Section 1983

The Complaint also purports to assert a claim under 42 U.S.C. § 1983. A number of the Defendants named in this action are immune from suit under that statute, however. Under clearly established law, the Eleventh Amendment provides states immunity in federal court. *Woods v. Rondout Valley Cent. Sch. Dist. Bd of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006). The immunity applies both to the State itself and state agencies. *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004); *McGinty v. New York*, 251 F.3d 84, 95 (2d Cir. 2001) ("The Eleventh Amendment extends immunity not only to a state, but also to entities considered 'arms of the state.'"). "As a general rule, state governments and their agencies may not be sued in federal court unless they have waived their Eleventh Amendment immunity or there has been a valid abrogation of that immunity by Congress." *Jackson v. Battaglia*, 63 F.Supp.3d 214, 219-20 (N.D.N.Y. 2014) (citation omitted). "It is well-established that New York has not consented to § 1983 suits in federal court and that § 1983 was not intended to override a state's sovereign immunity." *Mamot v. Bd. of Regents*, 367 F. App'x 191, 192 (2d Cir. 2010) (internal citations omitted). No other basis for waiver or abrogation is set forth in the Complaint.

New York and the State Police, as a state agency, are, therefore, immune. *Morris v. New York State Police*, 268 F. Supp. 3d 342, 360 (N.D.N.Y. 2017) (recognizing immunity of State Police). The New York Supreme Court and Dewitt Town Court are both named as Defendants, but are similarly immune from suit. *Yevstifeev v. Steve*, 860 F. Supp. 2d 217, 224 (W.D.N.Y. 2012) ("the Town Court is entitled to Eleventh Amendment immunity"); *Singleton v. New York*, 2020 WL 4927432, at *2 (S.D.N.Y. Aug. 20, 2020) (same as to New York State Supreme Court).

The remaining Defendants named in the Complaint are Shaun Curtis and John's Auto Body Service. They are alleged to have "participated in the unlawful seizure and conversion" of Plaintiff's automobile. Compl. at p. 3. Section 1983 claims against these Defendants should be dismissed based on the lack of state action. "Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks omitted). "A plaintiff pressing a claim of violation of his constitutional rights under § 1983 is thus required to show state action." *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003) (citations omitted). "State action requires both the exercise of some right or privilege created by the State and the involvement of a person who may fairly be said to be a state actor." *Meadows v.*

*United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) (quoting *Flagg v. Yonkers Sav. & Loan Ass'n, FA*, 396 F.3d at 186) (internal quotations and alterations omitted).

While private parties generally are not state actors, their conduct can be attributed to the state for section 1983 purposes if "(1) the State compelled the conduct, (2) there is a sufficiently close nexus between the State and the private conduct, or (3) the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State." *Hogan v. A.O. Fox Mem'l Hosp.*, 346 F. App'x 627, 629 (2d Cir. 2009) (citations omitted). "Since it is the duty of the plaintiff to allege state action on the part of the defendant named in a complaint, a court may dismiss an action under 28 U.S.C. § 1915(e) where a plaintiff fails to plead such a nexus." *Denes v. Glens Falls Hosp.*, 2005 WL 2033489, at *2 (N.D.N.Y. Aug. 17, 2005).

Here, Plaintiff makes no more than a purely conclusory statement that these Defendants have "engaged in collusion with state actors." Compl. at p. 4. While a private person can be deemed a state actor if acting in concert with a governmental employee, "[a] merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002); *see also Wieder v. City of New York*, 2013 WL 1810751, at *6 (E.D.N.Y. Apr. 29, 2013) ("Mere conclusory allegations that a private entity engaged in joint action with the state do not satisfy the 'under color of state law' requirement for a § 1983 action.").

- 8 -

Accordingly, the Court recommends that the section 1983 claims asserted here be dismissed.

### D. State Law Claims

Finally, the Complaint asserts claims against Defendants Curtis and John's Auto Body Service alleging that they engaged in conduct including theft and conversion. Compl. at p. 4.

Federal courts are courts of limited jurisdiction. *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Jurisdiction exists when the matter at issue arises "under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Conversion is a "pure state law claim[]." *Greenidge v. Mundo Shipping Corp.*, 41 F. Supp. 2d 354, 358 (E.D.N.Y. 1999). As a result, no federal "arising under" jurisdiction exists for such a claim.

Jurisdiction also exists when diversity of citizenship is present. 28 U.S.C. § 1332. "Diversity jurisdiction exists where the parties are citizens of different states and the amount in controversy exceeds $75,000." *Ceglia v. Zuckerberg*, 772 F. Supp. 2d 453, 455 (W.D.N.Y. 2011). "A case falls within the federal district court's original diversity jurisdiction only if diversity of citizenship among the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) (internal quotations omitted). Complete diversity is required – meaning if any Defendant is a resident of the same state as the

Plaintiff, diversity jurisdiction does not exist. *Seemann v. Maxwell*, 178 F.R.D. 23, 24 (N.D.N.Y. 1998). The Complaint specifically alleges that Plaintiff and John's Auto Body are residents of New York. Compl. at p. 1; Dkt. No. 1-1 at p. 4. As a result, there is no complete diversity jurisdiction in this case and no independent jurisdictional basis for entertaining these claims.

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Having recommended dismissal of the federal claims over which the Court has original jurisdiction, the Court also recommends that the District Court decline to exercise its supplemental jurisdiction over any state law claims Plaintiff may be asserting.

### E. Leave to Amend

"Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once 'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Bruce v. Tompkins Cnty. Dep't of Soc. Servs. ex rel. Kephart*, 2015 WL 151029, at *4 (N.D.N.Y. Jan. 7, 2015) (quoting *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991)). "However, where the grounds for dismissal offer no basis for curing the defects in the pleading, dismissal with prejudice

- 10 -

is appropriate." *Norwood v. Albany City Police Dep't*, 2019 WL 7593292, at *2 (N.D.N.Y. Aug. 12, 2019), *report and recommendation adopted*, 2019 WL 5415873 (N.D.N.Y. Oct. 23, 2019). Since the law with respect to Eleventh Amendment immunity discussed above is clear, claims against immune Defendants should be dismissed without leave to amend. Plaintiff could, perhaps, make distinct factual allegations to establish a claim against the remaining Defendants, or proper individual Defendants, and so leave to amend should otherwise be granted.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be **DISMISSED as set forth above**[3]; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[4] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN**

---

[3] In light of this recommendation, the Court also recommends that Plaintiff's "Emergency Motion," Dkt. No. 5, be denied.

[4] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

**FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: October 24, 2025
       Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge