**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

HERMAN LUTE WOODS, II,

                Plaintiff,

        -v-                                  5:25-CV-1290 (AJB/DJS)

DEWITT TOWN COURT *et al.*,

                Defendants.
_____

**APPEARANCES:**                                **OF COUNSEL:**

HERMAN LUTE WOODS, II
Plaintiff, Pro Se
6590 Thompson Road
Syracuse, NY 13206

**Hon. Anthony Brindisi, U.S. District Judge:**

<u>**ORDER ON REPORT & RECOMMENDATION**</u>

On September 15, 2025, *pro se* plaintiff Herman Lute Woods II ("plaintiff") filed this civil action on behalf of "Herman Lute Woods, II, Estate" alleging that defendants unlawfully seized an automobile and suspended his driver's license.  Dkt. No. 1.  Along with the complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"), Dkt. No. 2, as well as for the immediate return of his vehicle and the withdrawal of the license suspension, Dkt. No. 5, and a letter requesting recognition of the existence of plaintiff's legal trust, Dkt. No. 9.

On October 24, 2024, U.S. Magistrate Judge Daniel J. Stewart granted plaintiff's IFP Application, Dkt. No. 7, and, after an initial review, advised in a Report & Recommendation ("R&R") that plaintiff's complaint be dismissed with partial leave to amend.  Dkt. No. 8.  As Judge Stewart explained, defendants State of New York, New York State Police, New York

Supreme Court, and Dewitt Town Court were entitled to Eleventh Amendment immunity, but individual defendants were not. *See id*. In Judge Stewart's view, plaintiff might be able to state a plausible claim against one or more individual defendants. *Id.*

Plaintiff has lodged objections. Dkt. No. 12. Plaintiff has also filed a "notice of violation of public trust and constitutional rights," Dkt. No. 11, a request for issuance of subpoenas, Dkt. No. 13, and a letter motion seeking leave to file additional exhibits, Dkt. No. 14.

Upon review, plaintiff's objections are overruled. Plaintiff's motions must also be denied without prejudice at this time because his pleading is being dismissed. Although plaintiff will be given partial leave to amend in accordance with Judge Stewart's R&R, plaintiff is cautioned that his "subjective beliefs about the misconduct of others—however strongly held those beliefs may be—are not a substitute for plausible factual allegations." *Baron v. Lambert*, 2025 WL 173553, at *4 (N.D.N.Y. June 23, 2025). Accordingly, the R&R is accepted and will be adopted. *See* 28 U.S.C. § 636(b)(1)(C).

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 8) is ACCEPTED;

2. Plaintiff's motions (Dkt. No. 5, 9, 14) are DENIED;

3. Plaintiff's complaint is DISMISSED with partial leave to amend;

4. Plaintiff shall have THIRTY DAYS in which to file an amended complaint that conforms with the instructions set forth in Judge Stewart's R&R;

5. If plaintiff timely files an amended complaint, the Clerk of the Court is directed to refer the matter to Judge Stewart for further review; and

6.  If plaintiff does not timely file an amended complaint, the Clerk of the Court shall enter a judgment dismissing this action without further order of the Court.

The Clerk of the Court is directed to terminate the pending motions and set a deadline accordingly.

**IT IS SO ORDERED.**

Dated:  November 7, 2025
        Utica, New York.

Anthony J. Brindisi
U.S. District Judge